

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**REGGIE EDWARDS**                                            **PLAINTIFF**

vs.                                                           CASE NO.: 3:16-cv-280 DPJ-FKB

**WILLIAMS LAWN SERVICE, INC., and**
**ROBERT T. WILLIAMS, INDIVIDUALLY**                          **DEFENDANTS**

---

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

---

COMES NOW Plaintiff REGGIE EDWARDS (hereinafter referred to as "Plaintiff"), on behalf of himself and those similarly situated, by and through counsel of record, and filed this Complaint against his former employer, WILLIAMS LAWN SERVICE, INC. and ROBERT T. WILLIAMS, INDIVIDUALLY, (collectively referred to as "Defendants") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and in support thereof states as follows:

### NATURE OF SUIT

1.  Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living

necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.  This action is brought under the FLSA to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3.  Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

4.  This action is intended to include each and every landscaping laborer who worked for Defendants at any time within the past three (3) years.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

7.  Venue is proper in this Court because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

8.  The Court has the authority to grant declaratory relief pursuant to the FLSA and

the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

9. Plaintiff Reggie Edwards was employed as a landscaping laborer by Defendants and performed related activities for Defendants in and around Sharkey County, Mississippi.

10. Defendant Williams Lawn Service, Inc. is a corporation that operates and conducts business in and around Sharkey County, Mississippi. It is headquartered at 179 East Avenue South, Hollandale, Mississippi 38748.

11. Defendant Robert T. Williams is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Sharkey County, Mississippi

12. At all times relevant to this action, Robert T. Williams, is an individual resident of the State of Mississippi, who owns and operates Williams Lawn Service, Inc., and who regularly exercises the authority to: (a) hire and fire employees of Williams Lawn Service, Inc.; (b) determines the work schedules for the employees of Williams Lawn Service, Inc.; and (c) controls the finances and operations of Williams Lawn Service, Inc.; and, by virtue of having regularly exercised that authority on behalf of Williams Lawn Service, Inc., Robert T. Williams is an employer as defined by 29 U.S.C. §201, *et seq*.

## COVERAGE

13. At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

14. At all material times hereto (2013 – 2016), Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

15. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all material times hereto (2013 – 2016), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. At all material times hereto (2013 – 2016), Williams Lawn Service, Inc. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

19. At all material times hereto (2013 – 2016), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, tools and equipment, etc.

20. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that they:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

21. At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendants.

22.     At all material times hereto (2013 – 2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

23.     Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

24.     Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

25.     Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

26.     Defendants own and operate a company in the business of providing landscaping services to its customers.

27.     Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

28.     Plaintiff worked as a landscaping laborer for Defendants and performed duties in and around Sharkey County, Mississippi from approximately May 2007 to July 2015.

29.     Defendants agreed to pay Plaintiff a flat day rate of $95 per day for work performed by Plaintiff.

30. Plaintiff accepted this agreement and did work for Defendants.

31. Defendants paid Plaintiff a set daily wage, regardless of the total number of hours worked in a given day.

32. At all times relevant to this action, Defendants have failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to ensure that Plaintiff was paid his complete wages, or to ensure that Plaintiff was paid at least time and one half his regular rate of pay for all hours worked on behalf of the Defendants in excess of forty (40) within a workweek.

33. During his employment with Defendants, Plaintiff was not paid his complete wages for one (1) or more workweeks.

34. Virtually all of Defendants' employees worked well over forty (40) hours per week.

35. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

36. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) in a workweek.

37. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

38. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

39. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

40. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff and the class members performed the same or similar job duties as one another in that they worked as landscaping laborers on behalf of Defendants.

43. All of Defendants' non-exempt landscaping laborers were only paid a set flat day rate, regardless of the total number of hours worked in a given day.

44. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid only a day rate and not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek during the time period when they were employed by Defendants. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

45. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that landscaping laborers are paid for overtime hours worked.

46. This policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment

of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All landscaping laborers who worked for Defendants within the last three (3) years who were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.**

47. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

48. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

50. Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50 above.

52. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

53. During his employment with named Defendants, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

54. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

55. Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

56. Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

57. Defendants determined Plaintiff's rate and method of payment.

58. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

59. As a result, Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

60. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

61. Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

62. Plaintiffs demand a trial by jury.

## COUNT II - DECLARATORY RELIEF AGAINST DEFENDANTS

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50 above.

64. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists

65. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202

66. Plaintiff may obtain declaratory relief.

67. Plaintiff was individually covered by the FLSA.

68. Defendants failed to pay Plaintiff for all the hours worked.

69. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

70. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

71. Defendants did not rely on a good faith defense.

72. Plaintiff is entitled to an equal amount of liquidated damages.

73. It is in the public interest to have these declarations of rights recorded.

74. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

75. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

76. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so tribal as a matter of right by jury.

DATED, this the 15th day of April, 2016.

Respectfully submitted,
REGGIE EDWARDS, PLAINTIFF

**CHRISTOPHER ESPY, ESQ.**

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39236-3722
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFF**

**ATTORNEY FOR PLAINTIFF**